1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES AVIATION UNDERWRITERS INC., <br><br> Plaintiff, <br><br> v. <br><br> AEROSPIKE IRON, LLC, et al., <br><br> Defendants. | Case No.:  21-CV-758-GPC-WVG <br><br> **ORDER:** <br><br> **(1) DENYING DEFENDANTS' MOTION TO DISMISS** <br><br> **(2) GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** <br><br> **[ECF No. 8]** |

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint.  ECF No. 8.  Plaintiff opposed the motion.  ECF No. 11.  Defendant filed a reply in support of the motion.  ECF No. 13.  For the reasons set forth below, the Court **DENIES** the motion to dismiss.  The Court further finds that this motion is suitable for disposition without a hearing under Civil Local Rule 7.1(d)(1) and **VACATES** the hearing on this matter.

## FACTUAL BACKGROUND

### I.    Plaintiff Issues the Aircraft Policy to Defendants

In or about August 2020, Scott Kitchens contacted Pacific Coast Aviation Insurance ("Pacific Coast") about obtaining insurance coverage for an aircraft that

1

Defendants were purchasing.  *Id.* ¶¶ 5-7.[1]  The aircraft was a 2008 Dassault Falcon 900EX, FAA registration number N718AK (now N823RC) ("Aircraft").  *Id.* ¶ 7. Plaintiff alleged that Kitchens represented to Pacific Coast that he was Defendants' "Director of Aviation" and that he contacted Pacific Coast at Defendants' direction.  *Id.* ¶ 6.  The Complaint alleged that during this initial contact, Mr. Kitchens stated to Pacific Coast that the Aircraft would be piloted by Randy Judd and/or Jerome Eyquem and that Mr. Kitchens himself would not be operating the aircraft.  *Id.* ¶ 7.  Pacific Coast sent a Request for Quotation to Plaintiff, seeking a quote to insure the Aircraft.

During the underwriting process, Plaintiff required Defendants to submit Pilot Questionnaires for the individuals who would pilot the Aircraft.  *Id.* ¶ 9.  Defendants submitted questionnaires for Randy Judd and Jerome Eyquem.  *Id.*  Defendants did not submit a questionnaire for Mr. Kitchens.  *Id.*  Based on the information provided in the questionnaires, Mr. Judd and Mr. Eyquem "appeared to be qualified to pilot the Aircraft" and in reliance upon Defendants' representations that they would be the only pilots to fly the Aircraft, USAIG issued All-Clear Aircraft Policy Number SIHL1-G605 ("Policy") to Named Insureds Aerospike and Brandes, covering the policy period of August 25, 2020 to August 25, 2021.  *Id.* ¶ 10.

## II.   The February 13, 2021 Aborted Takeoff Incident

On February 13, 2021, Plaintiff alleged Mr. Kitchens (who does not hold a valid pilot license) and Nathan Russell (whose limited license prohibited him from piloting the Aircraft without another licensed pilot in command) attempted to operate the aircraft.  *Id.* 13-14.  Upon takeoff, the Aircraft did not lift off the ground, and they aborted the takeoff. *Id.* ¶ 14.  The Aircraft proceeded off the end of the runway and into an "unimproved area" of the airport. *Id.*

---

[1] The factual background in this section is drawn from Plaintiff's Complaint.   ECF No. 1.

As a result of the aborted takeoff, the landing gear was "sheared off" which caused more than $75,000 in damage to the Aircraft, along with other physical damage. *Id.* Further, the fuel that was loaded onto the Aircraft spilled into a vernal pool, which required cleanup efforts to mitigate and remedy any potential environmental damage. *Id.* ¶ 15.

On or about February 13, 2021 Defendants reported the aborted takeoff incident to Plaintiff. *Id.* ¶ 16. Plaintiff then investigated the events of the incident. *Id.*

## PROCEDURAL BACKGROUND

Plaintiff United States Aviation Underwriters, Inc. ("USAU") brought this action on behalf of itself, United States Aircraft Insurance Group ("USAIG"), and two of its member companies, ACE Insurance Company and National Liability & Fire Insurance Company (hereafter, "Plaintiff") against Defendants Aerospike Iron, LLC, a single-member limited liability company, and its single member, Charles Brandes. ECF No. 1, Pl.'s Compl. ¶¶ 1-3.

The Complaint alleged two causes of action: First, Plaintiff seeks to rescind the aircraft insurance policy that Plaintiff provided to Defendants and have it voided *ab initio*. *Id.* ¶¶ 17-24, 32. To support its claim for rescission, Plaintiff alleged that "Defendants expressly and affirmatively represented to USAIG that Judd and/or Eyquem would be piloting the Aircraft, and that Scott Kitchens expressly would not be piloting the Aircraft" and that "Defendants knew and intended that USAIG would use and rely upon the information they provided to USAIG regarding who would be piloting the Aircraft to among other things, (1) evaluate the risks proposed to be insured, (2) decide whether to offer coverage to Defendants, (3) determine whether to include certain terms and exclusions from coverage in any policy offered to Defendants, (4) determine whether to include any conditions to coverage offered to Defendants and (5) set premiums." *Id.* 19. Further, Defendants knew the statements they made were false, "and in fact had

3

expressly intended for Kitchens to fly the Aircraft even though he was not a licensed pilot." *Id.* ¶ 20.  In the alternative, Defendants in submitting the pilot questionnaires and asserting the Judd and/or Eyquem would pilot the Aircraft "made the statements recklessly, without consideration as to whether the statements were true or false." *Id.* The misrepresented, non-disclosed, and concealed information was material to USAIG's decisions in whether and how to insure Defendants' Aircraft.  *Id.* ¶ 23.

Plaintiff's second cause of action seeks declaratory relief from the Court stating that Plaintiff may rightfully deny any claims made by Defendants.  *Id.* ¶¶ 25-30.  The Complaint alleged that neither Mr. Kitchens nor Mr. Russell qualified as "pilots" under the Aircraft's Policy because neither held a pilot license that would have allowed them to pilot the Aircraft, and any damage or costs incurred by the aborted takeoff incident are not covered by the Policy.  *Id.* ¶ 26-27.  Because Plaintiff alleged neither Mr. Kitchens nor Mr. Russell was licensed or qualified to operate the Aircraft at the time of the aborted takeoff incident, "an actual and justiciable controversy has arisen and now exists between the parties . . . relating to whether USAIG can rightfully deny any and all claims arising out of or related to the Incident, including but not limited to the hull claim for damages to the Aircraft, any claim for clean-up costs related to the resultant fuel spill, and all other Incident-related coverages sought under the Policy."  *Id.* ¶ 29.

Plaintiff further seeks attorneys' fees and costs.  *Id.* ¶ 32.

Defendant filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  ECF No. 8.  The motion is fully briefed.

## LEGAL STANDARD

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable

4

1   legal theory. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

2   Under Rule 8(a)(2), the plaintiff is required only to set forth a "short and plain statement

3   of the claim showing that the pleader is entitled to relief," and "give the defendant fair

4   notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp.*

5   *v. Twombly*, 550 U.S. 544, 555 (2007).

6   A complaint may survive a motion to dismiss only if, taking all well-pleaded

7   factual allegations as true, it contains enough facts to "state a claim to relief that is

8   plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting T*wombly*,

9   550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

10  content that allows the court to draw the reasonable inference that the defendant is liable

11  for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of

12  action, supported by mere conclusory statements, do not suffice." *Id.* "In sum, for a

13  complaint to survive a motion to dismiss, the non-conclusory factual content, and

14  reasonable inferences from that content, must be plausibly suggestive of a claim entitling

15  the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009)

16  (citations omitted).

## DISCUSSION

17

18  Defendants move to dismiss Plaintiff's claims for rescission and declaratory relief.

19  ECF No. 8-1. The Court addresses each cause of action in turn.

20  **I.   Rescission**

21  "Courts in the Ninth Circuit have consistently recognized that, under California

22  law, an insurer is entitled to rescind an insurance policy on the ground of the insured's

23  material misrepresentation." *Continental Cas. Co. v. Stanton & Watson LLP*, No. C05-

24  0533, 2006 WL 8442666, at *3 (N.D. Cal. Dec. 11, 2006). Under California Insurance

25  Code section 359, "if a representation is false in a material point . . . the injured party is

26  entitled to rescind the contract from the time the representation becomes false." Cal. Ins.

27

28

1    Code § 359.  In such circumstances, "a rescission effectively renders the policy totally

2    unenforceable from the outset, so that there never was any coverage, and therefore no

3    benefits are payable."  *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. 3d 169, 182

4    (1988).  The misrepresentation which prompts rescission may be oral or written, and is

5    actionable when the misrepresentation is made "at the time of, or before, issuance of the

6    policy."  Cal. Ins. Code §§ 350, 351.  The misrepresentation need not be intentional for

7    the insurer to exercise its right to rescind the policy.  *Mitchell v. United Nat'l Ins. Co.*,

8    127 Cal. App. 4th 457, 475 (2005).

9        Plaintiff alleged in the Complaint that Defendants made representations which

10   were false and material.  ECF No. 12, Pl.'s Opp. at 12.[2]  Defendants' representations

11   included: (1) the Aircraft would be piloted by Mr. Judd or Mr. Eyquem; (2) Judd and

12   Eyquem were the two pilots Aerospike approved to operate the Aircraft; and (3) Mr.

13   Kitchens would not be piloting the Aircraft.  Compl. ¶¶ 7, 9, 18.  The Complaint claimed

14   these representations were false because Defendants "had no intention of utilizing Judd or

15   Eyquem to regularly operate the Aircraft" but instead "intended to utilize two unqualified

16   individuals to operate the Aircraft: Kitchens and Russell."  ECF No. 12, Pl.'s Opp. at 12;

17   Compl. ¶¶ 12, 13, 20.  And Plaintiff alleged these representations were material because

18   Plaintiff used and relied upon the false representations to (1) evaluate the risks proposed

19   to be insured, (2) decide whether to offer coverage to Defendants, (3) determine whether

20   to include certain terms and exclusions from coverage in any policy offered to

21   Defendants, (4) determine whether to include any conditions to coverage offered to

22   Defendants and (5) set premiums.  Compl. ¶ 19.

23       Defendants argue in their motion that Plaintiff's claim for rescission fails for four

24   reasons: first, an oral statement that is a representation as to the future is a promise, and

25

26   _____

27   [2] References to page numbers are based on pagination generated by CM/ECF.

28                                                     6

1  "[p]romises or statements in an insurance application as to future matters are enforceable
2  only as warranties."  ECF No. 8-1, Defs.' Mot. at 8 (citing *California Practice Guide:*
3  *Insurance Litigation* Ch. 5-F ¶ 5:269.   Second, "to be enforceable as a warranty, the
4  promise must be in writing" under the insurance code and "Plaintiff failed to plead that
5  the alleged representations regarding who would or would not fly the Aircraft in the
6  future were made in writing."  ECF No. 8-1, Defs.' Mot. at 8.  Third, "Plaintiff failed to
7  plead the specific section of the Policy requiring Defendants to disclose th[e] allegedly
8  'material facts'" which the Complaint alleged Defendants failed to disclose and/or
9  actively concealed, and that there is in fact no provision in the Policy requiring such
10  disclosure.  *Id.*  Fourth, material facts are disclosed when someone seeking insurance
11  completes and submits an application. *Id.*  As a result, Defendants argue, because there
12  were no misrepresentations made in response to written question on an insurance
13  application, Plaintiff's rescission claim fails.  *Id.* at 9.

14       On a 12(b)(6) motion to dismiss, a plaintiff need only plead sufficient facts to
15  support a cognizable legal theory upon which a court may grant relief.  The Court finds
16  that Plaintiff has stated a plausible claim for rescission based on the facts alleged in the
17  Complaint.  Here, Plaintiff has asked the Court to allow Plaintiff to rescind the coverage
18  it provided to Defendants' Aircraft. *See* Compl. ¶¶ 17-24.  In support of that claim,
19  Plaintiff alleged that Defendants made material oral or written misrepresentations about
20  who would be flying the Aircraft, which Plaintiff alleged it relied upon in offering the
21  Policy to Defendants.  *Id.* ¶¶ 19-20.  In sum, Plaintiff sufficiently pled that there were
22  certain facts Defendants knew or should have known that they knowingly or recklessly
23  failed to disclose or concealed in their dealings with Pacific Coast and Plaintiff.  ECF No.
24  12, Pl.'s Opp. at 14-15; ECF No. 1, Compl. ¶¶ 9, 12, 13, 21, 22.  Under 12(b)(6),
25  Plaintiff's claim is plausible on its face "when the plaintiff pleads factual content that
26  allows the court to draw the reasonable inference that the defendant is liable for the

7

1  misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting T*wombly*, 550 U.S. at 570).  Under

2  California law, an insurer may rescind coverage based on material misrepresentations.

3  Here, Plaintiff has pled a plausible case that Defendant (1) made misrepresentations and

4  (2) that they were material to Plaintiff's actions.  Issues related to whether or not

5  Defendants made the statements about who would and would not be piloting the aircraft,

6  and also whether there were particular Policy terms which required such disclosure (and

7  whether that is even relevant to the analysis), ECF No. 8-1, Defs.' Mot. at 7, are

8  questions that may be answered through discovery, and more appropriately addressed at

9  the summary judgment stage.  The Court need not go beyond the face of Plaintiff's

10  Complaint in determining whether they have stated a plausible claim for relief.  The

11  Court declines to delve into the particular factual questions Defendants raise, and finds

12  that Plaintiff has satisfied its burden as to the rescission cause of action.

13  **II.    Declaratory Relief**

14  Under California Code of Civil Procedure section 1060, an insurer may seek a

15  declaration of its rights or duties under an insurance policy.  Cal. Code Civ. P. §1060.

16  And under 28 U.S.C. § 2201(a), "upon the filing of an appropriate pleading," a district

17  court "may declare the rights and other legal relations of any interested party seeking

18  such declaration, whether or not further relief is or could be sought."

19  Defendants have argued that Plaintiff has not pled a plausible claim for declaratory

20  relief for two reasons.  First, Plaintiff "fails to plead with particular[ity]" any Policy

21  provision that required Defendants to disclose who would pilot the Aircraft.  ECF No. 8-1

22  at 9. Therefore, Defendants contend that "any pilot approved by the Policyholder is a

23  permissible pilot under the Policy" based on the Policy definition they cite in their

24  motion.  *Id.*  Second, Defendants urge the court to dismiss Plaintiff's claim for

25  declaratory relief because "Plaintiff is asking the Court to declare the rights and

26

27                                          8

28                                                      21-CV-758-GPC-WVG

obligations of parties to the Policy by ignoring what the Policy actually says." ECF No. 8-1 at 10.

As discussed above, to state a plausible claim for relief, Plaintiff need only plead sufficient facts that support a cognizable legal theory upon which the Court may grant Plaintiff relief.  The Court finds that Plaintiff has sufficiently pled its claim for declaratory relief.  Plaintiff pled that "a threshold to coverage for any occurrence is that the Aircraft was operated by a licensed and qualified pilot at the time of the occurrence." ECF No. 1, Compl. ¶ 26.  Because "Kitchens did not hold a valid pilot's license," he did not "qualify as a 'pilot' under the Policy" and "Russell's license expressly prohibited him from acting as a pilot of the Aircraft if there was not another licensed pilot in command of the flight," Plaintiff claims there is "an actual and justiciable controversy . . . relating to whether [Plaintiff] can rightfully deny any and all claims arising of or related to" the aborted takeoff incident.  *Id.* ¶¶ 27, 29.  Plaintiff asks the Court to declare that Defendants' claim is not covered by the Policy.  *Id.* ¶ 30.

Based on the facts alleged in the Complaint, as well as the papers filed by each party in the instant motion, it is clear that there is indeed an "actual controversy" about whether Plaintiff is required to cover the costs and expenses of the physical and environmental damage arising from the aborted takeoff incident in February 2021. Defendants filed a claim for coverage immediately after the Aircraft incident, ECF No. 1 ¶ 16, and after their investigation, Plaintiff believed they were not required to provide the Policy's coverage, and filed the Complaint, *id. ¶* 30. Under both California and federal law, Plaintiff is entitled to seek the Court's declaration of the rights and obligations of the parties to this action.  The Court reiterates that the questions Defendants raise in their motion about the meaning of the term "Pilots" in the Policy, and the meaning of the language in the contract is not appropriately addressed at the motion to dismiss stage, before there has been any discovery in this case.  Here, Plaintiff has sufficiently pled that

9

there is a live controversy about who—Plaintiff or Defendants—must bear the costs of

the damage to the Aircraft, the airport, and the vernal pool.

**III.   Defendants' Request for Judicial Notice**

In their motion, Defendants also request that the Court take judicial notice of a

copy of the All-Clear Aircraft Policy that Defendants purchased to cover the Aircraft.

ECF No. 8-3, Defs.' Request for Judicial Notice ("RJN") Ex.A.

A request for judicial notice is governed by Federal Rule of Evidence 201.  Judicial

notice of a fact is proper where the fact is not subject to reasonable dispute because it "(1)

is generally known within the trial court's territorial jurisdiction; or (2) can be accurately

and readily determined from sources whose accuracy cannot reasonably be questioned."

Fed. R. Evid. 201(c). The Court may take judicial notice of a fact on its own, or "must

take notice if a party requests if and the court is supplied with the necessary information."

Fed. R. Evid. 201(c).  Under Ninth Circuit law, the Court "may consider documents

incorporated by reference in a complaint when ruling on a motion to dismiss" under Rule

12(b)(6).  *United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003).  Importantly,

"[e]ven if a document is not attached to a complaint, it may be incorporated by reference

into a complaint if . . . the document forms the basis of the plaintiff's claim." *Id.* at 908.

The defendant may offer the document to be incorporated, "and the district court may

treat such a document as part of the complaint, and thus may assume that its contents are

true for the purposes of a motion to dismiss." *Id.*

Defendants argue that "Plaintiff's Complaint is premised on the Policy and

specifically references the Policy."  ECF No. 8-2, RJN, at 2.  This is all true.  Plaintiff's

claims for rescission and declaratory relief are based on an interpretation of the Policy's

terms, along with the circumstances surrounding statements made to Pacific Coast and

Plaintiff.  Defendants further note that the Court may take notice of the Policy itself

because Plaintiff "fails to attach the Policy."  ECF No. 8-1, Defs.' Mot. at 6 n.1.

Because the Policy is the basis of Plaintiff's claims, the Court **GRANTS** Defendants' request for judicial notice.  However, taking such notice does not alter the Court's conclusion that Defendants' motion to dismiss is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's request for judicial notice of the Policy attached to the motion, and **DENIES** Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's claims for rescission and declaratory relief.

**IT IS SO ORDERED.**

Dated:  December 6, 2021

Hon. Gonzalo P. Curiel
United States District Judge

21-CV-758-GPC-WVG