UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES AVIATION UNDERWRITERS INC., <br><br>Plaintiff,<br><br> v. <br><br>AEROSPIKE IRON, LLC, et al., <br><br>Defendants. | Case No.: 21-cv-758-GPC <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE MOTION TO STAY** <br><br> **[ECF No. 55]** |

On January 17, 2023, Plaintiff and Counterdefendant United States Aviation Underwriters, Inc. ("Plaintiff") filed an Objection to Magistrate Judge Barbara L. Major's Order granting in part and denying in part Defendants' Motion to Compel Production of Documents. ECF No. 54 (objecting to ECF No. 53). That same day, Plaintiff and Counterdefendant filed an *Ex Parte* Motion to Stay the Magistrate Judge's Order. ECF No. 55. Defendants and Counterclaimants Aerospike Iron, LLC and Charles Brandes ("Defendants") did not file notice of an intent to oppose the *ex parte* request, as required by Chambers Rules. *See* Chambers Rules at 2 ("If a party intends to oppose the *ex parte* motion, the party must immediately file a notice stating that the party intends to oppose

1

the *ex parte* motion and providing the date upon which the opposition will be filed."). For the reasons below, the Court **DENIES** Plaintiff's *Ex Parte* Motion to Stay.

## RELEVANT BACKGROUND

This action arises out of an aircraft accident on February 13, 2021. *See* ECF No. 1 ("Compl."). Defendants purchased an aircraft in August 2020 and obtained insurance coverage from Plaintiff. *Id.* ¶¶ 6-7. Plaintiff alleges that Defendants stated the aircraft in question would only be piloted by individuals named Randy Judd and/or Jerome Eyquen, and that an individual named Scott Kitchens would not be operating the plane. *Id.* ¶ 7. Plaintiff alleges that contrary to this representation, Mr. Kitchens and another individual Nathan Russell attempted to operate the aircraft in February 2021, which led to the accident giving rise to this dispute. *Id.* ¶¶ 13-15.

Plaintiff brought this action on behalf of itself, United States Aircraft Insurance Group ("USAIG"), and two member companies, ACE Insurance Company and National Liability & Fire Insurance Company, against Defendants. *Id.* ¶¶ 1-3. Plaintiff seeks rescission of the insurance policy and to have it voided *ab initio*. *Id.* ¶ 24. Plaintiff also seeks declaratory relief stating that Plaintiff may deny any claims made by Defendants. *Id.* ¶¶ 25-30.

On November 23, 2022, Defendants filed a Motion to Compel Production of Documents. ECF No. 48. Plaintiff states that "[t]he Motion sought the discovery of the agreements between the multiple property and casualty member companies in USAIG relating to the handling and payment of claims under the Policy . . . ." ECF No. 55 at 3. Plaintiff adds "[t]he discovery also requested all documents supporting Plaintiff's contention that the Participating Insurers are not the real parties of interest in this litigation. The discovery also requested all documents evidencing the gross revenue, net profit, net worth, and total assets for each of the last three years for [Plaintiff] and each of the Participating Insurers." *Id.*

On January 3, 2023, Magistrate Judge Major granted in part and denied in part Defendants' Motion to Compel and ordered Plaintiff to respond to the request for production by January 17, 2023. ECF No. 53 at 14. On January 17, 2023, Plaintiff filed its Objection to the Magistrate's Order in this Court and obtained a hearing date of March 24, 2023. ECF No. 54. That same day, Plaintiff filed an *ex parte* Motion seeking a stay of Judge Major's Order. ECF No. 55.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) allows a party to file an objection to a Magistrate Judge's order within 14 days of being served with a copy. Fed. R. Civ. P. 72(a). However, "[f]iling an objection pursuant to Rule 72 does not automatically stay the magistrate judge's order." *Alvarez v. Larose*, 2020 WL 5632659, at *1 (S.D. Cal. Sept. 21, 2020). To seek a stay of a magistrate's Order, a party may file an *ex parte* application with the district judge. *See id.*

To decide whether to grant a stay of a magistrate judge's order pending review, courts apply the same four-factor test that applies to a stay of a district court order pending appellate review: "(1) whether the movant has made a showing of the likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether the granting of the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *Id.* at *2. The requesting party bears the burden of demonstrating that the circumstances justify a stay. *Nken v. Holder*, 556 U.S. 418, 433-434 (2009).

## DISCUSSION

The Court finds Plaintiff has not its burden to show that a stay is justified in the present action. First, Plaintiff has made basically no argument they are likely to succeed on the merits. Plaintiff simply states that their "objection has a likelihood of success on the merits." ECF No. 55 at 6. Because of "the broad deference afforded to magistrate

3

21-cv-758-GPC

judges' decisions upon review by the district judge under Rule 72," Plaintiff has not shown a likelihood of success on the merits by simply stating there is "a likelihood of success on the merits." *Alvarez*, 2020 WL 5632659, at * 2. Plaintiff's burden is higher.

Second, Plaintiff has also failed to show irreparable injury should this stay not be granted. Plaintiff states they "would be irreparably harmed if the information contained in any agreements between it and the USAIG member companies were disclosed" because "[t]he agreements contain highly sensitive and proprietary business and financial information." ECF No. 55 at 5. Plaintiff argues they "would be at a significant disadvantage if its competitors were to gain access to the information." *Id.* However, Plaintiff fails to identify specifically how the protective order, (ECF No. 33), is insufficient to prevent disclosure of sensitive and confidential information to its competitors. Plaintiff simply states that were "the information to be accidentally disclosed, USAU would never know the extent to which its competitors had gained access to it." *Id.* at 5.

Third, Plaintiff argues the stay would not substantially harm Defendants because it is "only for a brief amount of time." *Id.* at 6. Plaintiff's Objection was given a hearing date of March 24, 2023. ECF No. 56. The Court agrees that a stay of two months would likely not substantially harm Defendants.

Last, Plaintiff only provides cursory argument that "[t]he granting of the stay would serve the public interest, because Plaintiff is seeking the protection of its confidential and proprietary information which is also, generally a concern of the public." *Id.* at 6. Plaintiff has failed to identify how the granting of a stay in this matter would specifically serve the public interest beyond reference to a general interest in the protection of confidential information. Thus, Plaintiff has not met its burden to demonstrate that a stay of the Magistrate Judge's Order is warranted.

## CONCLUSION

For the reasons stated above, Plaintiff's *Ex Parte* Motion to Stay is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated: January 26, 2023

Hon. Gonzalo P. Curiel
United States District Judge