UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES AVIATION UNDERWRITERS INC.,<br><br>Plaintiffs,<br><br>V.<br><br>AEROSPIKE IRON, LLC, AND CHARLES BRANDES,<br><br>Defendants. | Case No.: 21CV758-GPC(BLM)<br><br>**ORDER REGARDING PLAINTIFF'S REDACTIONS OF INSURANCE AGREEMENTS** |

AND RELATED COUNTER CLAIMS

## **BACKGROUND**

On November 23, 2022, Defendants filed a Motion to Compel Production of Documents. ECF No. 48.

On January 3, 2023, the Court issued an Order Granting In Part and Denying As Moot In Part Defendants' Motion to Compel Production Of Documents. ECF No. 53. Among other things, the Court ordered Plaintiff to produce all documents responsive to Defendants' Request for Production Nos. 12-14 which sought agreements between Plaintiff and the Participating Insurers. Id. at 6-8.

On January 17, 2023, Plaintiff filed objections to the Court's January 3, 2023 order. ECF

No. 54. "Plaintiff object[ed] to the portion of the Order requiring the production of agreements and documents related to the Participating Insurers."[1]  Id. at 3.  Also on January 17, 2023, Plaintiff filed an *Ex Parte* Motion to Stay the Court's January 3, 2023 order.  ECF No. 55.  The Court denied the Motion to Stay on January 26, 2023 because Plaintiff (1) did not show a likelihood of success on the merits for its objections, (2) failed to show irreparable injury should the stay not be granted, and (3) only provided a "cursory argument that" granting the stay would serve the public interest.  ECF No. 57.

On February 9, 2023, Defendants filed an *Ex Parte* Motion for Continuance. ECF No. 58. In the motion, Defendants stated that in response to this Court's January 3, 2023 discovery order [ECF No. 53], Plaintiff (1) "produced heavily redacted versions of the participating insurer agreements to Aerospike on January 27, 2023," (2) did not produce a privilege log supporting the redactions, and (3) advised Defendants that the redactions were based on relevance.  ECF No. 58 at 5.  On February 13, 2023, the Court granted Defendants' *Ex Parte* Motion for Continuance and ordered Plaintiff to "file a statement by February 21, 2023 setting forth the legal and factual basis for the redactions" and to produce a privilege log to Defendants by February 21, 2023 if the redactions are based on privilege.  ECF No. 59 at 3 (emphasis omitted). The Court also ordered that Defendants could file a response to Plaintiff's statement by February 28, 2023.  Id.

## PARTIES' POSITIONS

On February 21, 2023, Plaintiff filed a Statement Regarding Redactions.  ECF No. 61. Plaintiff states that "[t]he participating insurer agreements were redacted to exclude confidential and proprietary information that Defendants have not sought, and that is not relevant to any

---

[1] On March 6, 2023, Plaintiff filed a Notice of Withdrawal of Plaintiff's Objections to Magistrate's Order Granting In Part and Denying as Moot in Part Defendant's Motion for Production of Documents, ECF No. 53. ECF No. 63.  Plaintiff states that "[s]ince filing its objection, Plaintiff has produced the Participating Insurer Agreements in compliance with the Magistrate's Order, subject only to the Magistrate providing further guidance on issues related to the redaction of certain information that is highly confidential and irrelevant to any claim or defense. Accordingly, Plaintiff hereby serves notice of withdrawal of its objection." Id. at 2.

party's claim or defense." Id. at 5. Plaintiff further states that "[t]he unredacted portions of the participating insurer agreement fully and completely disclose the information that Defendants sought and the Court found was relevant" and requests that the Court conduct an *in camera* review of the documents to "confirm: (1) that Plaintiff has produced the relevant information Defendants requested, and (2) the redacted portions of the Agreement are not relevant to any party's claims or defenses." Id. at 6. Plaintiff notes that the redacted information is "highly sensitive, proprietary, and competition sensitive" and that the protective order that is in place does not change the sensitive nature of the information or its lack of relevancy. Id.

Defendants filed a response to Plaintiff's statement on February 28, 2023. ECF No. 62. Defendants explained that Plaintiff "produced 81 pages -- 57 of which were completely redacted and 23 of which were partially redacted [and that t]he only page that contained no redactions was the cover page of the main agreement, which only states the title of the agreement." Id. at 2. Defendants contend that Plaintiff's statement lacks any valid or factual bases for redacting the agreements and notes that Plaintiff failed to cite any legal authority in support of its position. Id. at 4-5. Defendants note that Plaintiff was ordered to produce all of the relevant documents and that the Federal Rules of Civil Procedure do not permit parties to redact responsive documents. Id. at 5-7. Defendants also contend that redacting the documents due to confidentiality concerns is not justified because there is a protective order in place. Id. at 8. Finally, Defendants contend that Plaintiff's request for *in camera* review is inappropriate for addressing redactions based on relevancy as opposed to privilege. Id. at 9.

## DISCUSSION

On February 23, 2022, the parties filed a Joint Motion for Entry of Stipulated Protective Order. ECF No. 31. The parties sought entry of the protective order because "discovery in this matter is likely to involve production of sensitive information that is not publicly available, including confidential personal information, medical information, trade secrets, and personnel records, for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation is warranted." Id. at 2. The Court granted the parties' motion and entered their proposed protective order on February 24, 2022. ECF No. 33.

  The purpose of a protective order is to protect sensitive information and Plaintiff has not established that the existing protective order is unable to serve its purpose in this matter. The only statement Plaintiff makes is that "[e]ven with a Confidentiality Order in place, the non-relevant information is sensitive and is not relevant to any claim or defense." ECF No. 61 at 6. Plaintiff's general concerns about the lack of relevancy and sensitivity of the information does not justify redaction or protection beyond what is provided in the existing protective order. See Mahil v. Option Care Enterprises, Inc., 2021 WL 2550084, at *5 (S.D. Cal., June 21, 2021) ("counsel asserts, in a conclusory fashion, that the redacted information is 'irrelevant' and 'private.'" The conclusory assertions do not meet Plaintiff's burden to justify continued redaction in light of the protections contained in the protective order."); see also Evenchik v. Avis Rent A Car System, LLC, 2014 WL 12899254, at *4 (S.D. Cal., Apr. 4, 2014) ("to the extent the documents contain sensitive, proprietary, or confidential business information or trade secrets, Avis's interests are adequately protected in light of the Court's issuance of a protective order in this case.").

  There also is no legal basis for Plaintiff's redactions or for Plaintiff's request for the Court to review the redactions for relevance. The Federal Rules of Civil Procedure ("Fed. R. Civ. P.") require parties to produce responsive documents "as they are kept in the usual course of business." Fed. R. Civ. P. 34(b)(2)(E)(I). Plaintiff has given no indication, and it seems unlikely, that the agreements at issue are kept redacted in the usual course of business. See Rodriguez v. Vizio Inc., 2015 WL 11439029 at *4 (S.D. Cal. Jan 6, 2015) ("Defendant is under an obligation to produce responsive documents 'as they are kept in the usual course of business'—presumably in unredacted form. Fed. R. Civ. P. 34(b)(2)(E)(I)"). Plaintiff did not identify, and the Court has not found, any case law authorizing redaction or court review of documents simply because the producing party believes the identified information is irrelevant and sensitive, especially where, as here, there is an appropriate protective order in place. As this and other courts repeatedly have held, there is no legal basis to redact documents for relevancy concerns. See Caccamise v. Credit One Bank, N.A., 2019 WL 1900908, *5 (S.D. Cal., Apr. 26, 2019) ("Defendant is not permitted to redact responsive documents for relevancy purposes"); see also Hill v. Asset

Acceptance, LLC, 2014 WL 3014945 (S.D. Cal., July 3, 2014) (ordering defendant to remove all redactions unrelated to privilege); Bartholomew v. Avalon Capital Group, Inc., 278 F.R.D. 441 (D. Minn. 2011) ("Redaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request"); Samantha B. v. Lexington Ins. Co., 2021 WL 8531694, at *2 (C.D. Cal., Aug. 17, 2021) ("to the extent any portions have been redacted solely because Defendants believe they are not relevant to this lawsuit,[] 'courts frown upon the practice of redacting irrelevant information from documents based on one party's unilateral assessment of relevance.'") (quoting Shenwick v. Twitter, Inc., 2018 WL 833085, at *3 (C.D. Cal. Feb. 7, 2018)); and Doe v. Trump, 329 F.R.D. 262, 275-76 (W.D. Wash.) ("redaction is generally an inappropriate tool for excluding information that a party considers to be irrelevant or non-responsive from documents that are otherwise responsive to a discovery request").  Because there is no basis to redact documents for relevancy reasons, there also is no basis for the Court to review the redactions for relevancy reasons and the Court declines to do so.

As set forth above, there is no legal basis for Plaintiff's redactions based on relevance and there is an existing protective order that will protect the sensitive nature of the allegedly irrelevant information contained within the relevant and responsive documents.  Accordingly, Plaintiff's motion is denied and Plaintiff is ordered to produce unredacted documents responsive to Defendants' Request for Production of Documents Nos. 11-14 [see ECF No. 53 at 5-8] by **March 15, 2023**.

**IT IS SO ORDERED**.

Dated:  3/8/2023

Hon. Barbara L. Major
United States Magistrate Judge