UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES AVIATION UNDERWRITERS INC., a New York corporation, individually and on behalf of United States Aircraft Insurance Group,<br><br>Plaintiff,<br><br>v.<br><br>AEROSPIKE IRON, LLC, a California limited liability company; and CHARLES BRANDES, a California resident,<br><br>Defendants. | Case No.: 21-CV-758 JLS (BLM)<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |
| AEROSPIKE IRON, LLC; and CHARLES BRANDES,<br><br>Counterclaimants,<br><br>v.<br><br>UNITED STATES AVIATION UNDERWRITERS INC., individually and on behalf of United States Aircraft Insurance Group; ACE AMERICAN INSURANCE COMPANY; and NATIONAL LIABILITY & FIRE INSURANCE COMPANY,<br><br>Counter-defendants. | |

Presently before the Court is the Parties' Supplemental Briefing ("Supp. Brief," ECF No. 179) in response to the Court's Order requesting the Parties to confer regarding pretrial issues ("Order," ECF No. 176). In the Supplemental Briefing, the Parties request "that the equitable recission claim be tried to the bench first, to be immediately followed by a jury trial on the breach of contract claim rather than vice versa." Supp. Brief at 3. However, the Parties do not present the Court with any legal authority discussing the Court's authority to do so. *See generally* Supp. Brief.

"The Supreme Court has held that 'where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims.'" *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 170 (9th Cir. 1989) (quoting *Ross v. Bernhard*, 396 U.S. 531, 537–38 (1970)). "Thus, where there are issues common to both the equitable and legal claims, 'the legal claims involved in the action must be determined prior to any final court determination of [the] equitable claims.'" *Id.* (quoting *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 479 (1962)). "When legal and equitable claims are joined in the same action, the trial judge only has limited discretion in determining the sequence of the trial and 'that discretion . . . must, whenever possible, be exercised to preserve jury trial.'" *Id.* (quoting *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 510 (1959)). "Under only the most imperative circumstances . . . can the right to a jury trial of legal issues be lost through prior determination of equitable claims." *Id.* However, "[w]here the 'legal and equitable claims asserted in a single action are entirely independent, the order of trial is immaterial, and may be left in the discretion of the court.'" *Id.* at 171 (quoting 9 C. Wright & A. Miller, Federal Practice and Procedure § 2305, at 35 (1971)).

/ / /
/ / /
/ / /
/ / /

1  Therefore, the Parties are **ORDERED** to submit supplemental briefing concerning
2  the grounds for trying the equitable recission claim to the bench before the legal claims are
3  tried to the jury.  This briefing must be filed by <u>January 9, 2026</u>.
4  **IT IS SO ORDERED.**
5  Dated: January 5, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge